NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERTO RODRIGUEZ-ARRIAGA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-615

Agency No.
A216-143-195

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA, District Judge.[***]

Petitioner Alberto Rodriguez-Arriaga, a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from an immigration judge's (IJ's) denial of his application

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

for cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), *see Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000 (9th Cir. 2025), and deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review for substantial evidence the agency's application of "the exceptional and extremely unusual hardship standard to a given set of facts." *Gonzalez-Juarez*, 137 F.4th at 1003.  In our review for substantial evidence, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1002 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the agency's denial of cancellation of removal.  Petitioner failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to a qualifying relative.  To qualify as exceptional and extremely unusual, "the hardship must be out of the ordinary and exceedingly uncommon," and "must deviate, in the extreme, from the norm." *Id.* at 1006.  Here, a reasonable adjudicator could conclude that while Petitioner's removal would cause his wife to suffer emotional, psychological, and financial harm, such harm would not rise to the level required to qualify as exceptional and extremely unusual. *See id.* at 1008.  Thus, the agency did not err in denying

Petitioner's application for cancellation of removal.

Petitioner's arguments to the contrary lack merit. He argues that the IJ violated 8 C.F.R. § 1240.1(c) by failing to meaningfully consider Petitioner's evidence. But the IJ received and considered material and relevant evidence of hardship submitted by Petitioner. The BIA did so as well.

Petitioner next argues that the IJ contravened *Arteaga-De Alvarez v. Holder*, where we held that "alternative means of immigrating to the United States" cannot be used "as a factor that *necessarily* undercuts [an applicant's] claim of exceptional and extremely unusual hardship." 704 F.3d 730, 740 (9th Cir. 2012). But the IJ and the BIA did not give dispositive weight to this factor. Instead, they conducted an individualized review and appropriately determined that, based on Petitioner's particular circumstances, his alternative path was one factor that weighed against a determination of hardship. Thus, the agency committed no error. *See id.* at 741 ("We do not mean to suggest that alternative means of immigrating to the United States can *never* be a negative factor in a hardship determination.").

Petitioner also contends that the BIA improperly engaged in fact-finding in violation of 8 C.F.R. § 1003.1(d)(3)(iv). But the Board merely noted the IJ's finding that Petitioner's wife would graduate from her nursing program in December 2019, and that Petitioner did not claim otherwise in his appeal.

Petitioner finally argues that the BIA failed to follow *Matter of Recinas*, 23

3                                                                                    22-615

I. & N. Dec. 467 (BIA 2002). But in accordance with *Recinas*, the agency considered relevant hardship factors cumulatively, and the BIA correctly determined that *Recinas* did not conflict with the IJ's decision denying Petitioner's request for cancellation of removal.

**PETITION DENIED.**